IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES WILLIAM HOOPER,

            Plaintiff,           OPINION AND ORDER

v.

JUNEAU COUNTY JAIL, CAPTAIN CORONADO,      10-cv-743-slc[1]
Lt. PEDERSON DEPUTY GRAVES and OFFICER
NEIL NEVILLE,

           Defendants.

---

This is a proposed civil action in which plaintiff Charles William Hooper alleges that defendants falsely imprisoned him and subjected him to cruel and unusual punishment. Hooper asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. From the financial affidavit Hooper has given the court, the court concludes that plaintiff presently has no means with which to pay an initial partial payment of the $350 fee for filing his complaint.

The next step is determining whether Hooper's proposed action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

### ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In his complaint,

---

[1] For the purpose of issuing this order, Judge William M. Conley acts for the court.



Hooper states in part:

> I was imprisoned falsely for four years and was not found guilty of any crime in the state of Wisconsin. I was forced to sleep on floors for weeks at a time without any mattress[.] I was also deprived religion preference, phone, physical activities, incoming and outgoing mail and visits from family and friends.

Complaint, Dkt. #1, p. 3.

Hooper also alleges that:

- Glass was placed inside his food.

- When told, Deputy Graves laughed and asked how much he swallowed.

- He was physically beaten by officers, who were ordered by Lieutenant Pederson to punish him for not wanting to leave segregation.

- Deputies directed racial slurs at him.

- He was also denied medical treatment.


OPINION

Fed. R. Civ. P. 8. requires that a complaint set forth a (1) short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. In this case, Hooper's complaint is short to a fault, because it contains no plain statement of his claims. For the most part, Hooper's factual allegations are also conclusory and vague. For example, although he alleges that he was falsely imprisoned, he does not say who falsely imprisoned him. Similarly, Hooper alleges that he was denied the free exercise of his

2

religion, but does not allege what religion he practiced or how it was constrained. Finally, Hooper alleges that he was denied medical treatment but does not allege (1) a specific, serious, medical need for medical treatment, (2) when or what treatment was denied, or (3) who denied him treatment.

Two of Hooper's allegations are more specific. First, he alleges that Deputy Graves laughed at him when he found glass in his food. Although unkind, this allegation alone does not support a claim under the Eighth Amendment for deliberate indifference to a risk of harm or a serious medical need. Whether Hooper intends to allege a complaint against someone for placing the glass in his food, or perhaps Graves for failing to respond to a serious, immediate medical leave, is unstated. Second, Hooper alleges that Lieutenant Pederson ordered officers to physically beat him. This allegation states a claim under the Eighth Amendment. To prevail on this claim, however, plaintiff would have to show that the force was applied maliciously and sadistically for the purpose of causing harm. *Whitley v. Albers*, 475 U.S. 312, 320 (1986).

The court will, therefore, allow plaintiff to proceed on his Eighth Amendment claim against defendant Pederson, but will stay service of the complaint on Pederson to give Hooper an opportunity to amend his complaint to comply with Rule 8 with respect to his other claims. Hooper may file an amended complaint explaining what happened, when it happened, and who took the action for each alleged constitutional violation, in full sentences and numbered paragraphs.

At a minimum, this amended complaint should enable someone reading the complaint to answer the following questions:

- Who falsely imprisoned plaintiff?
- Who denied Hooper a mattress and the right to practice his religion?

3

- What medical treatment did he need and who denied him this treatment?

- What religion does he practice, how it was denied, and who denied him the right to practice it?

- Who were the officers who beat him up at Pederson's direction?

Hooper will have **until February 28, 2011, to file an amended complaint** that complies with Rule 8 and this opinion and order. If Hooper does this, the court will take the amended complaint under advisement for screening of his dismissed claims pursuant to 28 U.S.C. § 1915(e)(2). If he fails to respond to this order to this order by February 28, 2011, however, those claims will remain dismissed and service of the complaint for excessive force will be made on defendant Pederson.

ORDER

IT IS ORDERED that:

(1) plaintiff Charles William Hooper's request to proceed against Pederson on his Eighth Amendment excessive force claim is GRANTED;

(2) Hooper's remaining claims against the defendants are DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8;

(3) he may have until February 28, 2011, in which to file an amended complaint that complies with Fed. R. Civ. P. 8; and

(4) if he fails to file an amended complaint by that date, these claims will be dismissed.

Entered this 7th day of February, 2011.

BY THE COURT:

WILLIAM M. CONLEY
District Judge