IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

CHARLES WILLIAM HOOPER,

                      Plaintiff,

  v.

CAPTAIN CORONADO, LT. PEDERSON,
DEPUTY GRAVES and
OFFICER NEIL NEVILLE,

                      Defendants.

OPINION AND ORDER

10-cv-743-slc

---

CHARLES WILLIAM HOOPER,

                      Plaintiff,

  v.

LT. GARY PEDERSON, DEPUTY SAUNBURG,
DEPUTY FAVE, DEPUTY TOLE and
DEPUTY COOK,

                      Defendants.

OPINION AND ORDER

11-cv-571-slc

_____

Plaintiff Charles Hooper is proceeding in these consolidated cases on a free exercise claim under the First Amendment and deliberate indifference and excessive force claims under the Eighth Amendment. On February 10, 2012, the defendants in each case filed a motion to dismiss for plaintiff's failure to prosecute. Plaintiff has failed to respond to those motions or otherwise communicate with the court since December 6, 2011.

PROCEDURAL HISTORY

On August 10, 2011, the court set the calendar in Hooper's first-filed case, then on October 12, 2011 the court consolidated Hooper's second-filed case with his first. Discovery began on August 10, 2011 and will end on June 8, 2012. Dispositive motions were to be filed not later than February 10, 2012, with jury selection and trial set for July 9, 2012.

On September 20, 2011, defendants issued a Notice of Deposition Duces Tecum requiring plaintiff Charles William Hooper to appear for his deposition on October 7, 2011. Hooper failed to appear.

On October 12, this court held a status conference during which the parties addressed Hooper's failure to appear and Hooper stated his objection to appearing for deposition. I ordered Hooper to appear for deposition or, if he had valid objections, to move the court for relief. I also ordered that time be allowed to pass to allow for any filing Hooper had stating valid objections to his appearance before renoticing the deposition.

After 20 days passed without objection from Hooper, defendants issued an Amended Notice of Deposition Duces Tecum on October 21, 2011 for Hooper to appear for his deposition on November 16, 2011. Hooper appeared, but failed to bring or produce any documents as were required by the deposition notice. Hooper then claimed that he could not adequately respond to questions about his claims without reviewing the documents that he had failed to bring with him. Unable to depose Hooper, defendants sought to reschedule.

Hooper initially refused to appear for a rescheduled date and indicated that he was going to tell the court that he did not want to appear. Defense counsel advised Hooper that they would object to any documents that he had failed to produce but might attempt to introduce at a later date. Hooper then agreed to adjourn and to appear on November 29, 2011 for yet another scheduled deposition.

On November 17, 2011, defendants issued a Second Amended Notice of Deposition Duces Tecum requiring Hooper to appear for his deposition on November 29, 2011. He failed to appear. Instead, on December 6, 2011, Hooper filed a letter and Emergency Room Discharge

Order indicating that he suffered a "back injury" on or about November 27, 2011.  Hooper wrote that he needed to stay off his feet for eight to ten weeks.  Approximately eight weeks later, defendants filed their motion to dismiss.  Hooper did not respond or otherwise make contact with the court.

OPINION

Defendants bring their motion under Federal Rule of Civil Procedure 37(b), which allows dismissal of an action as a sanction if a party "fails to obey an order to provide or permit discovery. . . "  Rule 37(b)(2)(A)(v).  Rule 37(d) specifically authorizes dismissal as a sanction for a party's failure to appear for a deposition after being served with proper notice.  A district court may dismiss a case as a sanction for discovery abuse if it finds that the party's actions displayed willfulness, bad faith or fault, and if dismissal would be a proportionate response to the circumstances.  *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009); *In re Thomas Consol. Indus., Inc.*, 456 F.3d 719, 724 (7th Cir. 2006); *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996).  Discovery sanctions are within the court's sound discretion and are reviewed only for abuse of discretion.  *In re Thomas*, 456 F.3d at 724.

Plaintiff's repeated failure to appear for deposition, failure to bring necessary documents, and failure to communicate with defendants or this court radiate palpable willfulness, bad faith and fault.  *See Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589, 591 (7th Cir. 1992) (although dismissal is a severe sanction, as soon as pattern of noncompliance emerges, "the judge is entitled to act with swift decision").  I hesitate briefly because plaintiff missed his last deposition on November 29, 2011 because of a back injury for which he presented proof in the form of emergency room discharge instructions.  As defendants point out, however, the

3

instructions did not state anything about plaintiff needing to be off his feet for up to two months.  Further, defendants filed their motion to dismiss the case at the end of plaintiff's alleged recovery period, after plaintiff failed to contact them to reschedule his deposition a third time.  Although plaintiff was given ample opportunity to respond to the motion, he failed to do so and did not make any contact with the court. At the very least, plaintiff's failure to communicate with the court establishes that he no longer intends to pursue his lawsuits.

Under such circumstances, a court may dismiss a case for a plaintiff's failure to prosecute under Rule 41(b) and the dismissal operates as an adjudication on the merits.  In other words, the plaintiff is barred from raising the same claim against the same defendants in a future lawsuit.  The Seventh Circuit has identified several criteria that a district court should consider before dismissing a case for failure to prosecute.  Among them are:  1) the frequency and magnitude of the plaintiff's missed deadlines; 2) the effect of the delay on the court's schedule; 3) the prejudice to other litigants; and 4) the possible merits of the lawsuit. *Williams v. Chicago Board of Education*, 155 F.3d at 853, 857 (7th Cir. 1998). The Seventh Circuit requires that "an explicit warning" be provided before a lawsuit is dismissed for the failure to prosecute. *See id.* (quoting *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993)).

Because dismissal with prejudice under either Rule 37 or 41 is a harsh penalty that is appropriate only in extreme circumstances, I will offer plaintiff one last opportunity to contact this court within two weeks.  Also, plaintiff must be willing and able to appear for and to complete his deposition in these cases within the next month, that is, not later than May 18, 2012.  If plaintiff fails to respond to this order in a timely manner, or if plaintiff is unwilling to meet these requirements, then I will dismiss both cases for failure to prosecute them.

ORDER

IT IS ORDERED that not later than April 30, 2012, plaintiff Charles Hooper must advise this court in writing that he is willing and able to prosecute these two lawsuits and that he will appear for a deposition noticed up by defendants not later than May 18, 2012, bringing with him all required documents and prepared to answer defendants' questions.

IT IS FURTHER ORDERED that if plaintiff fails to comply with this order at any stage, then this court will dismiss both cases with prejudice under Fed. R. Civ. P. 41(b).

Entered this 16th day of April, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge