IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

CHARLES WILLIAM HOOPER,

            Plaintiff,

v.

CAPTAIN CORONADO, LT. PEDERSON,
DEPUTY GRAVES and
OFFICER NEIL NEVILLE,

            Defendants.

ORDER

10-cv-743-slc

_____

CHARLES WILLIAM HOOPER,

            Plaintiff,

v.

LT. GARY PEDERSON, DEPUTY SAUNBURG,
DEPUTY FAVE, DEPUTY TOLE and
DEPUTY COOK,

            Defendants.

ORDER

11-cv-571-slc

_____

In an order entered on May 11, 2012, I dismissed these cases with prejudice under Fed. R. Civ. 9. 41(b) because plaintiff Charles Hooper repeatedly delayed his responses to court orders and discovery requests over several months. As a final explicit warning, I gave plaintiff until April 30, 2012 in which to advise the court whether he wished to continue prosecuting these two lawsuits. He did not respond in any fashion.

On May 21, 2012, plaintiff filed what I construe as a motion to reopen his lawsuits under Fed. R. Civ. P. 59(e), claiming that he was incarcerated and had no way of getting in contact with the court. I will not reopen these cases without good cause. *See Ho v. Taflove*, 648 F.3d 489, 495 nn. 4–5 (7th Cir. 2011) (construing motion for reconsideration filed within 28 days of judgment as Rule 59(e) motion); *Taylor v. Wexford Health Sources, Inc.*, 2012 WL 627751, *1 (7th Cir. Feb. 28, 2012) (unpublished) (construing motion to reopen as Rule 59(e) motion). "A Rule

59(e) motion 'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" U.S. v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010) (quoting *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000)).

Before ruling on the motion, I will allow both parties an opportunity for input. In order to attempt to show good cause for his motion, plaintiff must submit a brief in support of his motion explaining the following:

- When, where and how long he was incarcerated.

- Why he failed to contact the court to report his situation and his whereabouts when he became incarcerated

- If and when he received the court orders entered on April 16 and May 11, 2012.

- What specifically prevented him from responding to the court orders.

Plaintiff must file his brief and supporting facts by June 8, 2012; no extensions will be granted. Defendants in each case will have until June 22, 2012 to submit a response.

Entered this 22nd day of May, 2012.

BY THE COURT

/s/

STEPHEN L. CROCKER
Magistrate Judge

2